Darrell E. Davis, #011442
Ryan J. Lorenz, #019878
**CLARK HILL PLC**
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Facsimile: (480) 684-1199
Email: ddavis@clarkhill.com
rlorenz@clarkhill.com
*Attorneys for Plaintiff Lund Cadillac L.L.C.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | Chapter 13 |
| RACHAEL ANNE EARL, | Case No. 2:13-bk-18751 EPB |
| Debtor. | **OBJECTION TO HOMESTEAD EXEMPTION** |

Lund Cadillac L.L.C. ("LCL"), through counsel, hereby objects to the Debtor's homestead exemption. The debtor recently amended her Schedules A and C [Doc 81] to assert her homestead exemption in different property. The property in question was not and has not ever been the Debtor's residence. It is an investment property and owned by the estate. This objection is supported by the attached Memorandum of Points and Authorities, which is incorporated by reference.

DATED this 17th day of December, 2014.

**CLARK HILL PLC**

By: /s/ Ryan J. Lorenz
    Darrel E. Davis
    Ryan J. Lorenz
    *Attorneys for Lund Cadillac L.L.C.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

The Debtor commenced this bankruptcy case by filing a Chapter 13 voluntary petition on October 28, 2013 [Doc 1]. After some delay, the Debtor filed her schedules including schedule A, depicting that she was the owner of property located at 1311 South Claiborne Avenue, Gilbert, Arizona 85296 ("Claiborne Property"), and 881 North Sunnyvale Avenue, Gilbert, Arizona 85234 ("Sunnyvale Property") [Doc 20 at 1]. The Debtor, the Debtor's spouse, Dan Earl, and the Debtor's children have consistently resided at the Claiborne Property for several years. Consequently, the Debtor asserted on Schedule C that her real property was exempt pursuant to A.R.S. § 33-1101(A) [Doc 20 at 5].

On March 24, 2014, this case was converted to Chapter 7 [Doc 34]. On July 8, 2014, the Debtor filed amended schedules [Doc 59]. In amended Schedule A, the Debtor omitted the Claiborne Property. However, all personal property on amended Schedule B was stated to be located at the Claiborne Property. The same holds true for exemptions asserted on the Debtor's personal property on amended Schedule C. The Debtor did not assert a homestead exemption on her amended schedules.

On August 13, 2014, the Debtor filed a notice of change of address, asserting that she had relocated from the Claiborne Property to the Sunnyvale Property. On November 11, 2014, Chapter 7 Trustee, Diane Mann ("Trustee") filed a notice of sale relating to the Sunnyvale Property [Doc 76]. The proposed sale was to be to the Debtor, whose address was stated to be at the Claiborne Property, for the sum of $5,000, and subject to existing liens. The Trustee reported that the Debtor's daughter resided at the Sunnyvale Property. No other persons were said to reside at the Sunnyvale Property. On December 12, 2014, Wells Fargo Bank, N.A. ("Wells Fargo") objected [Doc 80] to the Trustee's Notice of Sale [Doc 76]. On December 15, 2014, over fourteen months after filing this case, the Debtor asserted that the homestead exemption applied to the Sunnyvale Property-not the Claiborne Property [Doc 81]. Once again, in Schedule C, the Debtor's personal property

exemptions are stated to be asserted on personalty located at the Claiborne Property. On December 16, 2014, the Debtor objected to [Doc 83] the Trustee's Notice of Sale of the Sunnyvale Property [Doc 76].

## II. ARGUMENT AND ANALYSIS.

An individual debtor may exempt property of the estate that is exempt from creditors under "State or local law that is applicable on the date of the filing of the Petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the Petition . . ." 11 U.S.C. § 522(b)(3)(A). It is well established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed. *White v. Stump,* 266 U.S. 310, 313, 45 S. Ct. 103, 104 (1924). *See also In Re Kim,* 257 B.R. 680, 685 (9th Cir. BAP 2000). "No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate." *Owen v. Owen,* 500 U.S. 305, 308, 111 S. Ct. 1833, 1835 (1991).

### A. The Sunnyvale Property May Not Be Homesteaded.

> Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding $150,000 in value, any one of the following . . . [t]he person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.

A.R.S. § 33-1101(A)(1).

To meet the requirement of residing at the property, there must be a physical presence of the individual claiming a homestead exemption. *Morrisey v. Ferguson,* 156 Ariz. 536, 753 P.2d 1192 (App. 1988). "A debtor must reside in a home for it to qualify for the homestead exemption, and yet she now admits that she was residing in [another] residence at all relevant times." *Goldstein v. Griffing (In Re Goldstein),* 296 B.R. 766, 774 (Bankr. D. Ariz. 2003). Allowing a debtor to exempt a second property would allow them an impermissible second homestead. *Id.*

Factually, the Debtor and her family have resided (and probably still reside) at the Claiborne Property. The Debtor only recently reports that she relocated to the Sunnyvale Property in August, 2014, after this case pended for ten months. One of the critical premises for conversion of this case to Chapter 7 was the availability of equity in the Sunnyvale Property. See LCL's Motion to Convert [Doc 25 at 3]. The Debtor did not specify and assert that she was residing at the Sunnyvale Property at any time in spite of the contention by LCL that the Sunnyvale Property should be sold for the benefit of creditors in a Chapter 7 case. The Debtor did not object to conversion.

The Debtor cannot simply relocate, assert her exemption, and avail herself of this Court's equitable authority and control. *Goldstein, supra.* The Debtor was claiming her exemption in the property in which she resided, the Claiborne Property. She cannot now move and shift her exemption to non-exempt property.

**B. The Case Law Cited By the Debtor is Unavailing.**

The Debtor cites *Law v. Siegel,* ___ U.S. ___, 134 S. Ct. 1188 (2014), for the proposition that she should be permitted to amend her bankruptcy schedules. The amendment was allowed in *Siegel* to prevent the Trustee from surcharging a debtor's uncontested exemption in real property. It was not a debtor attempting to avoid Chapter 7 sale of property on an invalid factual basis. In this case, the Debtor has been renting out and collecting income from the Sunnyvale Property presumably since October 2013 when this case was filed. Yet, the Debtor has failed to account to the estate or to this Court for the valuable rents she has received from property of the estate. This is not what the Court in *Siegel* envisioned as a just application of exemptions.

Amendments to bankruptcy schedules are permitted by Rule 1009(a), F.R.B.P. The Court may deny the debtor's right to amend if there is bad faith or prejudice to creditors. *In Re Doan,* 672 F.2d 831, 833 (11th Cir. 1982). Here, the debtor is a serial filer. The debtor asserted that she was the owner of the Claiborne Property and the Sunnyvale Property. By occupying and residing at the Claiborne Property and claiming a homestead exemption in the Sunnyvale Property, the Debtor is essentially abusing the

benefit of exemptions. This case was converted to Chapter 7 based upon the Debtor's ownership of two pieces of residential real estate. It would be prejudicial to creditors to permit the amendment, and the homestead exemption against the Sunnyvale Property, thereby denying the Trustee the right to sell property which has not been the subject of any dispute for over a year while this case has been pending. The time for the Debtor to object to the characterization of the Sunnyvale Property as outside the exemption was in March 2014 before this case was converted based upon that important fact.

**III. CONCLUSION.**

The exemption should be disallowed. The Debtor owned an interest in two pieces of residential real estate, the Claiborne Property and the Sunnyvale Property. The Debtor resided at the Claiborne Property as of the date of the Petition. Her recent and convenient relocation (which has not been proven) does not satisfy the residence requirement under the homestead statute. Moreover, the shifting of exemption from one property to another is impermissible by procedural rules permitting amendment of schedules and related equitable principles protecting creditors from such prejudicial effects.

**RESPECTFULLY SUBMITTED** this 17th day of December, 2014.

**CLARK HILL PLC**

By: */s/ Ryan J. Lorenz*
Darrel E. Davis
Ryan J. Lorenz
Attorneys for Lund Cadillac L.L.C.

**COPY** of the foregoing mailed
this 17th day of December, 2014, to:

Diane Mann
P. O. Box 12970
Scottsdale, AZ 85267
Chapter 7 Trustee

| | |
|---|---|
| 1 | Adam Nach |
| 2 | Lane & Nach, P.C. |
|   | 201 E. Campbell Ave., Suite 103 |
| 3 | Phoenix, AZ 85016 |
|   | Attorney for Trustee |
| 4 | |
| 5 | U. S. Trustee |
|   | 230 N. First Ave., Suite 204 |
| 6 | Phoenix, AZ 85003 |
| 7 | |
|   | Steven Gerome |
| 8 | Snell & Wilmer |
|   | 400 East Van Buren |
| 9 | Phoenix, AZ 85004 |
|   | Attorneys for Wells Fargo Bank, N.A. |
| 10 | |
| 11 | Allen Butler |
|   | BUTLER LAW OFFICE |
| 12 | 406 East Southern Avenue |
| 13 | Tempe, AZ 85282 |
|   | Attorney for Debtor |

*/s/ Ryan Lorenz*