BUTLER LAW OFFICE
406 E. Southern Avenue
Tempe, AZ 85282-2674
Telephone: (480) 921-0626
Facsimile: (480) 967-5075
abutler@legalaz.com
Allen D. Butler, State Bar #5392
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: )
)
RACHAEL ANNE EARL, ) CASE NO. 2:13-bk-18751-EPB
)
) CHAPTER 7
Debtor. )

**DEBTOR'S RESPONSE TO LUND CADILLAC LLC'S OBJECTION
TO HOMESTEAD EXEMPTION AND REQUEST FOR HEARING**

Comes now the Debtor and hereby responds to Lund Cadillac LLC's Objection to Homestead Exemption as follows:

1. Debtor filed a pro-per chapter 13 bankruptcy on October 28, 2013. Finding herself ill-equipped to handle a chapter 13 case, her chapter 13 was converted to a chapter 7 on March 24, 2014. Counsel subsequently entered his appearance.

2. At the time of filing, debtor, her husband and four children resided in property located at 1311 S. Claiborne Avenue, Gilbert, AZ 85296. They had previously resided in the property at 881 N. Sunnyvale, Gilbert, AZ, before moving to the Claiborne property. However, Debtor <u>did not own the Claiborne property at the time of filing, the property having previously been sold at a trustee's sale</u>. Debtor was attempting to set aside the trustee's sale, which did not succeed.

3. Debtor had owned the residence located at 881 N. Sunnyvale, Gilbert, AZ 85234 since May of 2002. Debtor intended to move into the property on Sunnyvale if she did not prevail in her attempts to set aside the sale of the Claiborne avenue property. <u>In August, 2014, Debtor's family moved to the property located on Sunnyvale.</u>

Debtor filed a notice of change of address.

4. On November 11, 2014, the chapter 7 trustee filed a notice of sale of the property located on Sunnyvale, which sale was set for Friday, December 19. On December 15, 2014, the lender secured by the property, Wells Fargo, filed an objection to the notice of sale. Debtor also filed an Objection, Docket 83.

5. On December 9, 2014 the Ninth Circuit BAP issued an opinion in *In re Gray*, holding that under the recent Supreme Court decision in *Law v. Siegel*, 134 S. Ct 1188 (2014) there was no limitation on a debtor filing amended exemptions in a pending bankruptcy case prior to the close of the case. *In re Gray*, (BAP no. AZ-13-1502, 9th Cir. 2014). On December 15, 2014, Debtor amended her bankruptcy schedules to assert her homestead exemption in the Sunnyvale Property. Movant relies upon *In Re Doan*, 672 F.2d 831 (11th Cir. 1982) for the proposition that the court may deny the debtor's right to amend if there is bad faith or prejudice to the debtor. Movant does not address the holding in *In Re Gray* that the Supreme Court found no equitable power in the bankruptcy court to deny an exemption as a remedy for debtor's bad faith conduct.

> The Supreme Court discerned no practical difference between disallowing an exemption and denying the debtor the right to amend an exemption: the Bankruptcy Code does not grant bankruptcy courts the "authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is the same thing)" based on a debtor's misconduct. Id. at 1196. The Supreme Court explicitly rejected the chapter 7 trustee's argument that Doan and other like cases reflect a general, equitable power in the bankruptcy courts.
>
> BAP No. AZ-13-1502, 9th Cir. 2014

6. The property appraised for $215,000, but requires $34,559.66 in repairs, and is subject to a first lien in the amount of $173,890.00, thus there is little equity in the property, if any. (See Exhibit A)

7. The only requirement under the Arizona homestead statute, ARS 33-1101 is that the claimant be over the age of eighteen, residing within the state and residing in the property. At the time the Debtor amended her schedules to claim the exemption she met all of these requirements. The homestead statute does not require that the

Case 2:13-bk-18751-EPB    Doc 96    Filed 01/26/15    Entered 01/26/15 12:17:24    Desc
Main Document    Page 2 of 8

homestead declaration be recorded. Debtor has, however, recorded her homestead declaration. (See Exhibit B)

8. In *Schultz v. Mastrangelo*, 333 F.3d 278 (9th Cir. 1964) the Court held a Debtor who filed a declaration of homestead under Arizona law <u>after</u> filing bankruptcy was nevertheless entitled to the homestead exemption. The *Schultz* court relied upon the U.S. Supreme Court Decision of *Myers v. Matley*, 318 U.S. 622 (1943) which held that a declaration of homestead is good as against the trustee in bankruptcy though recorded after filing of the petition <u>if under state law, the 'declaration of homestead would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder."</u> 318 U.S. at 627.

9. As noted in *In re Glaze*, 169 B.R. 956, 967 (Bankr. Ariz. 1994):

> Finally, bankruptcy courts, in furtherance of their equitable powers, have permitted a debtor to claim certain real property <u>as exempt, pursuant to the applicable state laws, after the bankruptcy petition has been filed</u>. For instance, in Schultz v. Mastrangelo, 333 F.2d 278 (9th Cir.1964), the Ninth Circuit interpreted Arizona law and concluded that an adjudication in bankruptcy under the Bankruptcy Act was equivalent to a levy, not a sale, of real property and that <u>a debtor could file a homestead declaration up to the point of sale.</u> See also, In re Gitts, 116 B.R. 174 (9th Cir. BAP 1990) aff'd, 927 F.2d 1109 (9th Cir.1991) (the debtors took the necessary steps under Washington law to declare a homestead exemption; thus, the Gitts court determined that based upon the debtors' rights as of the petition date, under Washington law, the postpetition declaration of homestead created an exemption which was valid vis à vis the trustee. Id. at 179-80); In re Zohner, 156 B.R. 288 (Bankr.D.Nev.1993) (the court found the postpetition homestead exemption to be valid, since the Nevada law allowed the declaration to be filed any time prior to the sale). (Emphasis added)
>
> 169 B.R. 967.

10. The Supreme Court in *Myers* held that "a homestead is exempt if, under the state law, it would be held to be exempt. *Myers* at 625. <u>See</u> *In re Gitts*, 116 B.R.174 (Bankr. App. 9th Cir) applying the holding in *Myers*, and explaining that under Arizona Law (unlike California Law at the time) a landowner was entitled to claim his exemption at any time up to the hour of the execution sale. *Citing to Schultz* at 279. The court in *Gitts* explained at some length that the application of the homestead law is dependent upon the requirements of state law, independent of the bankruptcy code.

11. ARS 33-1103 provides that "The homestead provided for in section 33-1101, subsection A is exempt from process and from sale under a judgment or lien except . . . (exceptions which do not apply herein)."

12. As recently as 2014, the Arizona Court of Appeals stated: "A debtor may, however, declare a homestead <u>at any time prior to sale</u>, and may designate the property to which the exemption will apply if she owns more than one. A.R.S. § 33-1102(A)" (citing to *Ferguson v. Roberts*, 64 Ariz. 357, 361, 170 P.2d 855, 858 (1946)." *Rogone v. Correia*, (CA-CV 13-0375, Ariz. App. Sept. 2014). *See also First Nat'l Bank of Mesa v. Reeves*, 27 Ariz. 508, 234 P.2d 556(1925) (A person entitled to a homestead may exercise his option to claim it at any time before or after levy of execution thereon up to the hour of sale); *Seany v. Molling*, 61 Ariz. 81, 153 P.2d 532); *Mounce v. Wightman,* 29 Ariz. 567, 243 P. 415 (1926) (all cited in *Schultz*).

13. In this case, the Debtor has designated this property on Sunnyvale as her homestead. Under the holdings cited above, the Debtor has the right to claim this property as her homestead property under Arizona law at any time prior to the sale.

14. Lund Cadillac asserts that Debtor owned two properties at the time she filed her bankruptcy. This is not true. Although Debtor was living in a different property at the time of filing, the Claiborne property had, in fact, <u>been sold at a trustee sale in January, 2010</u>.

15. Movant claims that Debtor *conveniently* moved to the Sunnyvale property in an attempt to bypass the exemption rules. Nothing could be further from the truth. Once Debtor learned that the sale of the Claiborne property would not be rescinded, she and her family had no choice but to move back into the Sunnyvale property, which is in need of over $34,000.00 in repairs.

16. Movant also claims that Debtor received valuable rental income from the Sunnyvale property. Debtor did receive some rental income at various times during this whole process, but it was never enough to cover the mortgage payments. Debtor always paid on the Sunnyvale mortgage, knowing that the family might have to move

back into that home.

17. Debtor's initial filing was done pro-per, and many of the errors in the filing are a result of debtor's inexperience and lack of knowledge of the bankruptcy rules and procedures. Debtor's counsel has been correcting and addressing each issue as found and as they arise.

18. Debtor therefore respectfully requests that the court enter an order that Debtor is entitled to her homestead rights in the Sunnyvale property.

RESPECTFULLY SUBMITTED this 26th day of January, 2015.

LAW OFFICE OF ALLEN D. BUTLER

/s/ Allen D. Butler, #5392
Attorney for Debtors

ORIGINAL of the foregoing electronically
filed this 26th day of January, 2015 with:

Clerk of the U.S. Bankruptcy Court
District of Arizona
230 N. First Avenue, Suite 101
Phoenix, AZ 85003-1727

COPIES of the foregoing mailed
mailed this 26th day of January, 2015, to:

Clark Hill, PLC
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ 85254

Diane M. Mann
P.O. Box 12970
Scottsdale, AZ 85267-2970

Lane & Nach, PC
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016 (e-mailed)

U. S. Trustee
OFFICE OF THE U.S. TRUSTEE
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

By: /s/ [signature]

| Property address | Appraisal Value | Current debt | Equity |
|---|---|---|---|
| 881 N. Sunnyvale, Gilbert | $215,000.00 | $173,890.00 | $41,110.00 |
| | | | |
| | | | |
| | | Repair Estimates: | |
| | | HVAC air conditioner | $7,550.00 |
| | | Water heater | $1,350.00 |
| | | Plumbing repairs | $1,687.15 |
| | | Replace exhaust fans | $470.00 |
| | | Replace smoke /CO2 detectors | $585.00 |
| | | Termite Treatment | $700.00 |
| | | Construction work | $19,417.51 |
| | | Landscaping | $2,800.00 |
| | | | |
| | | Remaining Equity | **$6,550.34** |
| | | | |
| | | Estimated cost of sale (6%) | $12,900.00 |
| | | | |
| | | Net equity after sale | ($6,349.66) |

(SPACE ABOVE FOR RECORDER'S USE)

## DECLARATION AND CLAIM OF HOMESTEAD

**Effective Date:** August, 2014

**County and State where Real Property is located:** Maricopa County, Arizona

**CLAIMANT (Name, Address, Zip)**

Rachael Anne Earl
881 North Sunnyvale Avenue
Gilbert, Arizona 85234

**HOMESTEAD REAL PROPERTY (Address or Location)**

881 North Sunnyvale Avenue
Gilbert, Arizona 85234

**HOMESTEAD REAL PROPERTY (Legal Description)**

KRISTIN MANOR MCR 503-16

1. I am over the age of 18 and at the time of making this Declaration actually am a resident of the State of Arizona.
2. I select and designate this Real Property or Mobile Home to be my Homestead, together with the improvements thereon and the appurtenances thereto, as exempt from attachment, execution or forced sale up to the amount of $150,000. I have designated this as my one and only Homestead and its fair market value (minus liens and encumbrances) is $41,000.
3. My Real Property Homestead is in one compact body, upon which exists a dwelling house in which I reside. Should I have designated a Mobile Home, my Homestead is a Mobile Home in which I reside or a Mobile Home in which I reside and the land upon which it is located. A.R.S. § 33-1101 and § 33-1105.
4. If I am married and the property claimed is held as community or joint property, then my spouse joins with me in making this claim.

[X] The value of my Real Property Homestead (dwelling house and/or land), over and above encumbrances against it, does not exceed $150,000.

[ ] The value of my Mobile Home, over and above encumbrances, does not exceed $150,000.

[ ] The value of my Mobile Home plus the value of the land upon which it is located, over and above encumbrances, does not exceed $150,000.

[ ] The value of my equity interest in one apartment of a horizontal property space does not exceed $150,000.

[ ] The value of my Real Property Homestead, Mobile Home, Mobile Home plus land, or apartment, over and above encumbrances against it, exceeds $150,000, in which case I claim the maximum exemption allowable by law.

Dated December 15, 2014

*Rachael Earl*
Signature of Claimant

STATE OF ARIZONA )
) ss
County of Maricopa )

The foregoing Homestead Declaration was acknowledged before me this 15 day of December, 2014, by Rachael Anne Earl.

(Seal and Expiration Date)

CAROLYN P. BUTLER
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
January 8, 2016

*Carolyn P. Butler*
Notary Public