**LEWIS ROCA ROTHGERBER LLP**
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

**Marvin C. Ruth** (State Bar No. 024220)
Direct Dial: 602.262.5770
Direct Fax: 602.734.3909
E-mail: mruth@lrrlaw.com

Attorneys for PYOD, LLC Its Successors
and Assigns as Assignee of CR Evergreen, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RACHAEL ANNE EARL,<br><br>                       Debtor. | Chapter 7<br><br>Case No.: 2:13-bk-18751-EPB<br><br>**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 3-1 OF PYOD, LLC** |

Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, Creditor PYOD, LLC its successors and assigns as assignee of CR Evergreen, LLC ("PYOD") hereby responds to debtor Rachael A. Earl's ("Debtor's") Objection to Proof of Claim ("Objection"). Moreover, PYOD consents to the Court's resolution of disputed material factual issues pursuant to Fed. R. Civ. P. 43(c) as made applicable by Fed. R. Bankr. P. 9017.

**I.      INTRODUCTION**

On October 18, 2013, Debtor filed a voluntary Chapter 13 petition. On March 24, 2014, the Court entered an order converting the case to Chapter 7. On March 6, 2014, PYOD filed its proof of claim for a credit card debt originating with Chase Bank USA, N.A. for an account ending in 7934 for $22,157.57 (the "Account"). PYOD was assigned Claim No. 3-1 by the clerk of the court (the "Claim").

On July 30, 2015, Debtor filed its Objection to the Claim. Debtor's Objection argues that PYOD "did not file supporting documents to verify this claim. Pursuant to Rule 3001(a), the proof of claim 'shall conform substantially to the appropriate Official Form' and the instructions contained on the claim form state that the Claimant must attach supporting documents." *See*

Objection ¶ 2. The Objection further argues that "PYOD, LLC filed a six page proof of claim with what appears to be a summary page and a Power of Attorney. No agreement or promissory note validating this creditor's claim was provided." *Id*. at ¶ 3.

Debtor's Objection should be overruled because the Ninth Circuit has held that an objection based on an alleged failure to comply with Rule 3001(a) cannot be grounds to disallow PYOD's Claim. Moreover, PYOD has in fact complied with Rule 3001(a). Accordingly, the Court should overrule Debtor's Objection.

## II. LEGAL ANALYSIS

### A. As A Matter of Law, The Claim Cannot Be Disallowed Based On Debtor's Objection

The requirements for proofs of claim are contained in Bankruptcy Rule 3001. Subsection (a) states that a proof of claim "shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). Form 10 is the official proof of claim form. Subsections (c) and (f) state:

> (c) Claim based on a writing
> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
>
> * * *
> (f) Evidentiary effect
>
> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Fed. R. Bankr. P. 3001(c) and (f).

A proof of claim constitutes prima facie evidence of the validity and amount of the claim. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 620 (B.A.P. 9th Cir. 2000) ("There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount. The sources of this presumption lie both in the Bankruptcy Code and in the Federal Rules of Bankruptcy Procedure.").

"The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more." *Garner*, 246 B.R. at 623. It is not enough for a debtor to

file a mere objection. *Id.* (affirming order denying claim objection where objecting debtor "proffered no evidence whatsoever, choosing instead to stand on a mere formal objection that the proofs of claim were not good enough"). Significantly, a claim cannot be disallowed based on a failure to comply with Rule 3001(c). *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005).

In *Heath*, debtors filed a voluntary petition listing various credit card debts on Schedule F without designating any of them as disputed, unliquidated or contingent. Several of the creditors filed proofs of claim, and the debtors filed objections on the grounds that "no supporting writing is attached to [the claim] as required by the Federal Rules of Bankruptcy Procedure, Rule 3001(c)." *Id.* at 426-427. The bankruptcy court allowed the claims in the amount listed on the debtors' schedule.

The debtors moved for reconsideration of the order, and the bankruptcy court declined to reconsider its order. On appeal, the debtors argued that the bankruptcy court erred in allowing the claims. *Id.* at 428.

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the court's order, and held that at a matter of law, a claim cannot be disallowed based on a failure to comply with Rule 3001(c). *Id.* at 435. The BAP explained that "noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance":

> Section 501(a) provides that a "creditor or an indenture trustee may file a proof of claim." [Citation.] Section 502(a) states that a claim filed under Section 501 'is deemed allowed' unless an objection is made. 11 U.S.C. § 502(a). Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and "shall allow such claim" except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b) (emphasis added). Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. . . . The statute's provisions cannot be enlarged or reduced by the Rules.

*Id.* at 435 (emphasis added).

The BAP went on to explain: "creditors have an obligation to respond to formal or informal requests for information. That request could even come in the form of a claims objection, if it is sufficiently specific about the information required." *Id.* at 436-437. If a request is made, and the creditor 'does not provide information or is unable to support its claim, then that

in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim.'" *Id*. The BAP noted that because the debtors had not made such a request for information from the creditors, the creditors were under no obligation to respond. *Id*. at 437 ("Debtors' claims objections do not meet the above tests. Creditors were not required to respond.").

The BAP concluded that while the debtors may have genuinely sought to verify the claims at issue, they "simply chose the wrong method of doing so," and affirmed the bankruptcy court's order:

> Rather than contacting Creditors and asking for appropriate documentation of any claims that they reasonably believed they might not owe, or might owe in a different amount, [debtors] filed objections that relied solely on the alleged lack of prima facie validity of the proofs of claim. That is not a sufficient objection recognized by Section 502, which deems claims allowed and directs that the bankruptcy court "shall" allow claims with limited exceptions that were not alleged by Debtors. Therefore, the bankruptcy court's allowance of Creditors' claims was proper, and the Reconsideration Order is AFFIRMED.

*Id*. at 437-438.

Here, as in *Heath*, Debtor's Objection is also based on PYOD's alleged failure to provide proper documentation in support of the Claim under Rule 3001. Specifically, Debtor's Objection states that PYOD "did not file supporting documents to verify this claim. Pursuant to Rule 3001(a), the proof of claim 'shall confirm substantially to the appropriate Official Form' and the instructions contained on the claim form state that the Claimant must attach supporting documents." *See* Objection. Debtor provides no evidence to support her Objection, and does not contend that she ever requested the documentation from PYOD.[1] The Objection fails because the BAP has made clear that Section 502 does not recognize an objection based on noncompliance with Rule 3001. *Id*. at 437-438. Like *Heath*, Debtor has "chosen the wrong method" to verify the Claim, and as a matter of law, the Claim cannot be disallowed.

**B.  In Any Event, PYOD Properly Submitted Documentation In Support Of Its Claim**

While Debtor's Objection is insufficient to disallow PYOD's Claim as a matter of law, the

---

[1] In fact, when PYOD's servicer contacted Debtor's counsel upon receiving the objection, Debtor's counsel refused to discuss the Objection.

Objection also fails because PYOD's Claim is sufficiently supported by proper documentation.

In *Heath*, *supra*, the debtors argued that the claims at issue "should have attached "copies of 'the credit card agreement (and any amendments to it).'" *Id.* at 432. The BAP disagreed, finding that the "'writing' for credit card accounts can be said to include not only the underlying credit card agreement but also the written or electronic records of every transaction on the account since the oldest unpaid obligation, or at least the monthly bills since that time. Such records are likely to be voluminous. Therefore, the creditor can comply with Rule 3001 and Form 10 by using some sort of summary." *Id.*; *see also In re Cluff*, 313 B.R. 323, 334-35 (Bankr. D. Utah 2004) ("Requiring a credit card company to come forward with the original credit card agreement and a manifestation of each electronic recording of a transaction . . . would unduly burden the parties and would inundate the Court with documents. Such a compilation of information would be lengthy and overly burdensome for all concerned. Consequently, the Court concludes that a summary of the transactions is sufficient for purposes of Bankruptcy Rule 3001(c)."); *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn. 2004) ("Accordingly, Official Form 10 allows for attachment of a summary of the claim, which falls in line with Federal Rule of Evidence 1006, allowing voluminous documentation to be presented in the form of a chart, summary, or calculation."); *In re Crowe*, 321 B.R. 729, 732 (Bankr. W.D. Wash. 2005) ("Paragraph 9 of Bankruptcy Official Form 10 (04/04) (Proof of Claim Form) advises creditors to 'Attach copies of supporting documents' and further that 'if the documents are voluminous, attach a summary.'").

Attached to the Claim is a document entitled "Account Detail." The Account Detail lists the name of the creditor, the debtor, the account number, and the balance of the account. *See* Claim No. 3-1. The Account Detail also breaks down the balance to specify the principal, interest, and other fees and expenses included in the balance. *Id*. By providing this summary, PYOD has satisfied its obligation to provide a "writing" pursuant to Rule 3001(c).

Accordingly, PYOD's Claim complies with Rule 3001(a) and Debtor's Objection should be overruled.

### III. CONCLUSION

Accordingly, PYOD respectfully requests that the Court overrule Debtor's Objection.

1 | PYOD reserves the right to amend, supplement or modify its response, and does not waive any
2 | substantive or procedural right.

3 |     DATED this 13th day of August, 2015.

LEWIS ROCA ROTHGERBER LLP

By: /s/ Marvin Ruth
    Marvin Ruth (State Bar No. 24220)
Attorneys for PYOD, LLC Its Successors
and Assigns as Assignee of CR Evergreen, LLC

LEWIS ROCA ROTHGERBER
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of August, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Allen D. Butler
Law Office of Allen D. Butler, PC
406 East Southern
Tempe, Arizona 85282
Attorneys for Debtor

Diane M. Mann
P. O. Box 12970
Scottsdale, Arizona 85267-2970
Trustee

Adam B. Nach
Joel F. Newell
Lane & Nach, P.C.
2001 East Campbell, Suite 103
Phoenix, Arizona 85016
Attorneys for Trustee


/s/ Debi Garrett
an Employee of Lewis Roca Rothgerber LLP