# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

**Debtor:** RACHAEL ANNE EARL
**Case Number:** 2:13-BK-18751-EPB  **Chapter:** 7

**Date / Time / Room:** TUESDAY, SEPTEMBER 08, 2015 01:30 PM  7TH FLOOR #703

**Bankruptcy Judge:** EDDWARD P. BALLINGER JR.
**Courtroom Clerk:** ANNETTE AGUILAR
**Reporter / ECR:** MARGARET KELLY

## Matters:

1) HEARING ON DEBTOR'S MOTION FOR MEDIATION
   R / M #:   139 / 0

2) HEARING ON DEBTOR'S MOTION FOR STAY OF SALE OF REAL PROPERTY
   R / M #:   142 / 0

3) ADV: 2-15-00559
   RACHAEL  EARL & DAN  EARL vs DIANE  MANN
   RULE 16 SCHEDULING CONFERENCE
   R / M #:   1 / 0

## Appearances:

JOEL F. NEWELL, ATTORNEY FOR DIANE M. MANN
ALLEN D. BUTLER, ATTORNEY FOR RACHAEL ANNE EARL, DAN  EARL

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:13-BK-18751-EPB          TUESDAY, SEPTEMBER 08, 2015 01:30 PM

### *Proceedings:*

ITEM #1

The Court has read all respective pleadings and ensues discussion with Mr. Butler.

Mr. Butler confirms debtor is currently in the home and proceeds to discuss his motion for mediation. He notes fees are accruing for both sides and states his position in that there is not much equity in the property.

Mr. Newell does not believe mediation will be beneficial.

Mr. Butler states he will file an administrative claim which will be an issue. He states his clients have disclosed that the property has material defects. He is unsure whether any of the potential buyers are aware of them. He believes a mediator can point out the risk of going forward.

The Court provides its analysis noting the trustee is not for mediation. The Court does not see harm in the trustee listing the property or the need to stay anything at this time.

ITEM #3

Mr. Newell addresses the adversary case.

Mr. Butler provides a review of the three causes of action and states his position. He and Mr. Newell agree the facts overlap.

Mr. Butler further suggests setting a status hearing in mid March, 2016. He confirms discovery will be needed.

The Court suggests the parties set respective deadlines to which the administrative claim will have the same deadlines.

Discussion ensues.

Mr. Newell and Mr. Butler agree to close discovery at the end of January. Further discussion ensues as to disclosure of witnesses and experts.

COURT:  IT IS ORDERED discovery is to close at the end of January, 2016. IT IS FURTHER ORDERED setting February 19, 2015, as the deadline for disclosure of any experts. IT IS FURTHER ORDERED setting March 21, 2016, as the deadline for dispositive motions.

The Court and parties further discuss the setting of a pre-trial conference without a joint pretrial

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...　　2:13-BK-18751-EPB　　　　　TUESDAY, SEPTEMBER 08, 2015 01:30 PM

statement being filed.

COURT:  IT IS ORDERED setting a pre-trial conference for May 10, 2016, at 10:00 a.m.

ITEM #2

Mr. Butler addresses his Motion for Stay and discusses it with the Court.

COURT:  IT IS ORDERED denying the motion for the reason stated on the record.

Mr. Butler notes he filed a Motion for Direct Appeal to the Ninth Circuit.

Mr. Newell reviews the rules as to this motion and states he will respond to the motion on or before September 18, 2015. He further notes unless the Court wants to hear oral argument, it is not needed.